MEDELISE O'CLAIR, p. a., *vs.* THE RHODE ISLAND COMPANY.

JANUARY· 31, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Parkhurst, JJ.

(1)  *Life Tables.   Permanent Injury.   New Trial.*

Where a declaration contained no allegation of permanent injury but plaintiff was allowed to introduce without objection evidence tending to prove such a condition, the admission of life tables is not ground for new trial, although such tables are properly admitted only where permanent injury is averred and proved.

(2)  *Procedure.   Motion to Increase ad Damnum.   Continuance.*

*Semble,* the discussion of the reasons for increasing the *ad damnum* in a writ should not be permitted in the presence of jurors eligible to sit in the trial of a cause.   The allowance of such discussion furnishes good ground for a continuance and the refusal of a motion for such continuance constitutes a sufficient basis for exception.

TRESPASS on the case for negligence.   Heard on petition of defendant for new trial, and denied.

DUBOIS, J.   This is an action of trespass on the case for negligence, brought by the infant plaintiff, through her cousin as her next friend, to recover damages for personal injuries received by her in an accident resulting from the collision of two cars under the control of the defendant, in one of which the plaintiff was a passenger.   After verdict for the plaintiff the defendant filed its petition for a new trial upon the grounds that the verdict was against the law and the evidence, that the damages awarded therein were grossly excessive, that the justice who presided at the trial erred in his rulings and in his charge to the jury, and that since the trial evidence has been newly discovered, etc.

The verdict was not against the law and the evidence.   · The undisputed fact of the collision between two cars controlled by the defendant cast upon it the burden of explaining away the implication of negligence arising therefrom to the satisfaction of the jury.   The explanation offered did not commend itself to the judgment of the jury, and we cannot say that it was error

to reject it.  The episode of the release was too trivial for serious consideration.   The alleged release neither purported to be the release of the plaintiff nor was it executed by the releasor; it was a mere nullity.   Whether to allow the plaintiff to increase the *ad damnum* in her writ and declaration was a question addressed to the sound discretion of the court, and

(2) ordinarily would not be the subject of exception.  We think, however, that discussion of the reasons for such increase should not be permitted in the presence of jurors eligible to sit in the trial of the cause, and that the allowance of such discussion furnishes good ground for a continuance of the cause, and that the refusal of such a motion for continuance would constitute a sufficient basis for an exception.  No such exception was claimed in this case, and the incident is therefore closed.

The affidavits filed in support of the defendant's claim of newly discovered evidence are merely cumulative, and would not in our opinion be likely to exercise a controlling influence upon the jury.  We have carefully examined the record, including the transcript of the evidence, and have arrived at the conclusion that the only questions open for consideration in the case are the two following: First, Did the presiding judge err in admitting the Carlisle Life Tables?  and, secondly, Are the damages awarded by the jury grossly excessive?

(1) In the case of *MacGregor* v. *The Rhode Island Company*, 27 R. I. 85, we held that such life tables might be used in cases where permanent injury is averred and proved.  In the case at bar the declaration contains no allegation of permanent injury but the plaintiff was allowed to introduce, without objection on the part of the defendant, evidence tending to prove a condition of permanent disability.  In such circumstances we can not say that the admission of the life tables affected the defendant injuriously, and the exception taken to such admission must be overruled.

While the amount of the verdict seems large, we are unable to state that it is grossly excessive, or even excessive; we can only say that the amount of damages sustained by the plaintiff under the evidence was purely a question of fact and entirely within the province of the jury, and we find nothing in the case

to warrant the assumption that in their finding the jury were actuated by passion, prejudice, or caprice, or any other improper motive.

The petition for a new trial is therefore denied, and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Baker, McDonald, and Waterman,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams,* for defendant.